IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TYRRELL KOCHENOWER, Plaintiff, | § | |
| | § | |
| v. | § | No. 3:26-CV-2786-D-BW |
| | § | |
| AUTO SOURCE OF TEXAS d/b/a ZAINA HOLDINGS LLC, Defendant. | § | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), received from Tyrrell Kochenower on September 15, 2026. (Dkt. No. 7.) Based on the relevant filings and applicable law, the Court should **DENY** the application and dismiss this case without prejudice unless Kochenower pays the $405 filing fee within 14 days of the date this recommendation is accepted, or by some other deadline established by the Court.

## I. LEGAL STANDARDS AND ANALYSIS

Under 28 U.S.C. § 1915(a)(1), a federal district court may authorize a person to bring a civil action in forma pauperis ("IFP") when he submits an affidavit establishing his financial inability to pay or give security for applicable court fees "without suffering undue financial hardship." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). To determine whether the payment of fees would cause undue

[1] By Special Order No. 3-251, this pro se case has been referred to the undersigned magistrate judge for judicial screening. (*See* Dkt. No. 1.)

financial hardship, the Court must examine the applicant's financial condition. *See id.* "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.* In addition to requiring an applicant to complete a financial affidavit in support of his request to proceed IFP, the Court may also "look to where the litigant's reported income is in relation to applicable poverty guidelines." *Moates v. Biden*, No. 6:22-CV-00626-ADA-JCM, 2022 WL 3566451, at *1 (W.D. Tex. June 29, 2022).

Here, Kochenower indicates that his average monthly income during the past 12 months was $1,789 from employment and unemployment benefits, and that his expected income for the next month, October 2026, was $3,600. (*See* Dkt. No. 7 at 1-2.) He further states that his gross monthly pay from his current employment, which began on August 27, 2026, is $4,600. (*See id.* at 2.) He reports a total of $807.60 in cash and a checking count, a home valued at $33,000, and two vehicles totaling $29,000 in value; he also states that his girlfriend relies on him for support. (*See id.* at 2-3.) He reports monthly expenses of $875 for rent or a mortgage, $175 for utilities, $85 for home maintenance, $750 for food, $100 for laundry and dry cleaning, $300 for medical and dental expenses, $300 for transportation, $100 for recreation, $247 for insurance, and installment payments of $735 for a vehicle. (*See id.* at 4.)

Based on this information, the Court should find that Kochenower has failed to show that payment of the $405 filing fee would cause him undue financial hardship. According to Kochenower, his self-reported gross monthly pay from his current employer is $4,600, which yields a yearly household income of $55,200. (*See*

*id.* at 2.) Even if the Court extrapolates from his reported monthly employment income of $3,600 for October, his yearly household income is $43,200. (*See id.* at 1-2.) Both amounts are well above the federal poverty guideline for a household of one.[2] *See* Annual Update of the HHS Poverty Guidelines, 91 Fed. Reg. 1797 (Jan. 15, 2026) (setting an annual income of $15,960 as the poverty threshold for a household of one in the 48 contiguous states and the District of Columbia).

Further, Kochenower has a home and vehicles with a total value of $62,000, and some of his reported monthly expenses appear, without explanation, to be discretionary or excessive. (*See* Dkt. No. 7 at 3-4 (listing monthly expenses of $750 for food and $100 for recreation and entertainment)); *see, e.g.*, *Dobbins v. Kroger Co.*, No. 3:08-CV-1206-N, 2009 WL 186141, at *2 (N.D. Tex. Jan. 23, 2009) (denying IFP application because, among other things, certain expenses "appear[ed] excessive without further detailed explanations"); *Ramsey v. NFI Indus.*, No. 3:21-CV-3217-S-BH, 2022 WL 707234, at *1 (N.D. Tex. Feb. 18, 2022) (treating recreation expenses as discretionary).

Notwithstanding the value of Kochenower's assets and the discretionary or excessive nature of some of his monthly expenses, Kochenower's monthly employment income and money in cash and a checking account total $4,407.60, if the Court applies Kochenower's reported $3,600 monthly employment income, or

[2] Even assuming that Kochenower's girlfriend qualifies as a member of his household, his reported income is still above the federal poverty guideline for a household of two. *See* Annual Update of the HHS Poverty Guidelines, 91 Fed. Reg. 1797 (Jan. 15, 2026) (setting an annual income of $21,640 as the poverty threshold for a household of two in the 48 contiguous states and the District of Columbia).

$5,407.60 if the Court applies Kochenower's reported $4,600 gross monthly pay. These totals are, respectively, $740.60 and $1,740.60 more than his monthly expenses and reflect sufficient funds to pay the filing fee in this action. Accordingly, the Court should deny Kochenower's IFP application.

## II. RECOMMENDATION

The Court should **DENY** the Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), received on September 15, 2026 (Dkt. No. 7), and **DISMISS** this case without prejudice unless Kochenower pays the $405 filing fee within 14 days of the date this recommendation is accepted, or by some other deadline established by the Court.

**SO RECOMMENDED** on October 13, 2026.

BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).